IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ISAIAH MURPHY | § | |
| VS. | § | CIVIL ACTION NO. 1:12cv31 |
| MARCUS MARTIN | § | |

<u>MEMORANDUM OPINION REGARDING TRANSFER</u>

Petitioner Isaiah Murphy, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Discussion</u>

On February 25, 2008, in the United States District Court for the Eastern District of Texas, Lufkin Division, petitioner was convicted of the unlawful transportation of firearms. Petitioner was sentenced to a term of imprisonment for 110 months. *See United States v. Murphy*, 9:07cr19 (E.D. Tex. Feb. 25, 2008). Petitioner's appeal was dismissed on December 12, 2008. *Id.* Petitioner brings this petition asserting his plea of guilty was involuntary, he was denied effective assistance of counsel, he is actually innocent, and the guidelines were not correctly interpreted.

A report was entered recommending dismissal of this petition as brought under the savings clause of § 2255, noting also that petitioner's conviction became final almost four years before petitioner filed this action and a motion to vacate would be time-barred. In his objections to the report, petitioner requests that the court transfer his petition to the original sentencing court

to consider an out-of-time motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner was convicted and sentenced in the Lufkin Division of the Eastern District of Texas. Thus, jurisdiction is proper in the Eastern District of Texas. However, while jurisdiction is proper in the Eastern District of Texas, the court has considered the circumstances and has determined that the interests of justice would best be served if the claims in this petition were severed and any claims petitioner brings as an original collateral attack be transferred to the division in which the petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a conviction which occurred in the Lufkin Division, all records and witnesses involving this action most likely will be located in the Lufkin Division. Thus, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that petitioner's claims collaterally attacking his conviction and sentence should be transferred to the United States District Court for the Eastern District of Texas, Lufkin Division. Accordingly, it is

**ORDERED** that petitioner's claims which he brings as an original collateral attack are **SEVERED** from this action and the Clerk of Court is **DIRECTED** to file the resulting case as a new civil action. It is further

**ORDERED** that the resulting case shall be transferred to the Lufkin Division of this court for consideration.

**SIGNED** this the **18** day of **December, 2012.**

                                              _____
                                              Thad Heartfield
                                              United States District Judge